UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO.: |
| | : | |
| v. | : | |
| | : | |
| $32,035.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: AMBER RAMIREZ] | : | January 30, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

1. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, and 21 U.S.C. §§ 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

1

3. The Defendant is as follows: Thirty Two Thousand and Thirty Five Dollars in United States currency, or $32,035.00 in United States currency (hereafter referred to as "Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

5. The Defendant Currency is currently in the custody of the United States Marshal's Service.

6. On November 1, 2017, Amber Ramirez submitted an administrative claim of ownership as to the Defendant Currency.

Background of Investigation

7. In 2015 and 2016, the DEA Bridgeport Regional Office for High Intensity Drug Trafficking Areas (DEA RO HIDTA) learned through confidential sources that a man known as "Face" was selling heroin in Bridgeport and Stratford, Connecticut. A confidential source later identified "Face" as Joshua Smith Jr., also known as Joshua Smith ("Smith").

8. Based on the information received from confidential sources, DEA RO HIDTA initiated an investigation into Joshua Smith's narcotics activity. During this investigation, law enforcement conducted four controlled purchases of heroin from Smith in Bridgeport. It was learned that Smith was staying at 55 Deerwood Lane, Unit #1, Waterbury CT, with his girlfriend, Amber Ramirez ("Claimant"), and their child.

9. On January 2, 2017, Connecticut State Police arrested Smith during a motor vehicle stop, which was unrelated to the ongoing investigation into Smith's narcotics activity. At the time of the stop, Smith was found in possession of heroin and crack cocaine, which were packaged into more than 100 "folds" for street sale. The narcotics were found in a hidden compartment of the car. At the time of arrest, Smith also produced fraudulent identification in the form of a Connecticut Vehicle Operator's license, featuring the name "Stavon Taft."

10. Based on the information gathered during the investigation of Smith, on May 11, 2017, Honorable Judge Maria Araujo Kahn, Connecticut Superior Court Judge for the Judicial District of Fairfield, signed and approved a State of Connecticut Arrest Warrant for Joshua Smith, a State of Connecticut Search and Seizure Warrant for 55 Deerwood Lane, Unit #1, Waterbury CT, and a State of Connecticut Search and Seizure Warrant for a black Honda CR-V belonging to Smith.

11. On the morning of May 12, 2017, law enforcement executed the Arrest Warrant and Search and Seizure Warrants at 55 Deerwood Lane, Unit #1, Waterbury CT. At approximately 10:58AM, Smith was observed attempting to leave the garage in the black Honda CR-V. In the course of the investigation, law enforcement observed Smith using this vehicle to conduct sales of narcotics. Law enforcement conducted a motor vehicle stop at the end of the driveway, and Smith was taken into custody. At the time of the motor vehicle stop, Smith was found to be in possession of three bundles of heroin folds. Smith was verbally given notice of his rights, and stated that he understood.

12. At the time of arrest, Smith informed law enforcement that there was at least $20,000.00 located inside a safe in his bedroom, and that the safe and its contents belonged to him. Smith told law enforcement that his key to the safe was in his bedroom dresser.

13. Law enforcement announced their presence and entered 55 Deerwood Lane, Unit #1 through the garage door. Amber Ramirez ("Claimant") was found with her child in the second floor bedroom. Claimant was informed that she was being detained and was verbally given notice of her rights. Claimant stated that she understood that she was not under arrest, and that she understood her rights.

14. Claimant admitted to law enforcement that she knew that Smith sold heroin, and stated that there may be heroin in the garage or in the kitchen. Claimant further stated that she

believed that Smith sold approximately $1,000.00 worth of heroin per day; that both she and Smith were unemployed; and that Smith supported the household by selling heroin. Claimant admitted that on more than one occasion, she was inside the black Honda CR-V while Smith utilized the vehicle to facilitate heroin sales.

15. Claimant also admitted that Smith stored money in a safe in the bedroom. This safe was directly next to where Claimant was standing, and she looked directly toward it. As Smith had already stated that the safe key was in the bedroom dresser, law enforcement located the key, unlocked that safe, and seized the United States currency located inside (later inventoried and identified as $30,000.00 of the total Defendant Currency).

16. At this time, law enforcement also seized a bundle of United States currency from on top of the bedroom dresser (later inventoried and identified as $855.00 of the total Defendant Currency). A search of Claimant's purse revealed another bundle of United States currency (later inventoried and identified as $1,180.00 of the total Defendant Currency). Claimant stated the currency found in her purse was given to her by Smith.

17. Claimant consented to give a voluntary statement regarding Smith's heroin sales and Claimant's knowledge of his activity to law enforcement. Claimant agreed to the statement being recorded on audio and video. In the video, Claimant again states that she is unemployed; that the money found in the house belongs to Smith from selling heroin; and that Smith supported the household with the profits of narcotics sales.

18. In a consensual conversation with law enforcement, after Smith was informed of his rights, Smith admitted to selling heroin and/or narcotics for three years; admitted that all of the United States currency seized at 55 Deerwood Lane, Unit #1 belonged to him, and constituted the proceeds his narcotics sales; and stated that he was unemployed. He further

admitted to selling heroin to individuals who were involved in DEA RO HIDTA's controlled purchases.

19. During the execution of the State Search and Seizure Warrant, the following potential drug evidence was located at the residence and seized: one (1) electric blade grinder, commonly used to grind raw heroin into a powder form; one (1) bag of small black rubber bands, commonly used to bundle heroin folds for street sale; one (1) rubber stamp of the words "First Stop," commonly used to stamp heroin folds; one (1) small white spoon, commonly used for placing heroin into folds; and a large bag of elastic bands, similar to the bands used to bundle the $30,000.00 in U.S. currency found in Smith's safe. The presence of the foregoing items at 55 Deerwood Lane, Unit #1 leads law enforcement to believe that the residence was being utilized to store, sell, and manufacture narcotics. When law enforcement spoke with Ramirez on the date of seizure, she stated that she "does not want heroin in the house because of the baby," and that Smith would travel to a hotel to process heroin for sale.

20. In addition, law enforcement located and seized the following non-drug evidence at the residence and in the black Honda CR-V: one (1) Iphone 7 Plus in a red case and one (1) AT&T flip phone, located in the Honda CR-V; a Connecticut Vehicle Operator's license for Stavon Taft, used by Smith during his narcotics arrest on January 2, 2017; and a Connecticut Identification card for Joshua Smith Jr., located inside Smith's wallet at the time of his arrest. The AT&T flip phone was used by Smith to conduct a heroin sale during the week ending on May 7, 2017. Law enforcement had access to the phone number associated with the AT&T phone, due to phone's use during a controlled purchase of heroin from Smith. Law enforcement called the phone number in order to confirm the phone's history, and observed a law enforcement officer's number appear on the phone's caller ID.

21. Law enforcement noted that the closets in the residence contained a large amount of expensive clothing and purses, along with more than seventy pairs of expensive shoes. These items were not seized, but some were photographed by law enforcement.

22. All of the United States currency now collectively referred to as the Defendant Currency was seized on May 12, 2017 from 55 Deerwood Lane, Unit #1, Waterbury CT.

23. Joshua Smith is currently incarcerated, and has not submitted an administrative claim as to the Defendant Currency or any other property.

24. An inquiry with the State of Connecticut Department of Labor revealed no employment history for the Claimant or Smith in the past seven years.

## Claims for Relief

25. Based upon the above information, it is believed that the Defendant Currency constitutes property or is derived from proceeds traceable to a violation constituting "specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

26. The Defendant Currency represents property or proceeds derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

27. Based upon the above information, it is believed that the Defendant Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

28. The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.,

and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for $32,035.00 in United States currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America is granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

John H. Durham
UNITED STATES ATTORNEY

       /s/ John B. Hughes
JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
FEDERAL BAR NO.: ct05289
157 CHURCH ST., 25th FLOOR
NEW HAVEN, CT 06510
PHONE NO.: (203) 821-3700
FAX: (203) 773-5392
EMAIL: john.hughes@usdoj.gov

## DECLARATION

I am a Task Force Officer for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of January, 2018.

    /s/ Jason P. Creatore
JASON P. CREATORE
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION